# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: G.M., M.M., and J.M.

No. 15-0831 (Kanawha County 13-JA-159, 13-JA-160, & 13-JA-161)

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother N.B., by counsel Herbert L. Hively, appeals the Circuit Court of Kanawha County's April 14, 2015, order terminating her parental rights to G.M., M.M., and J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon K. Childers, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motion for a post-dispositional improvement period and in terminating her parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner's children were under the guardianship of their grandmother, who could no longer care for them due to a medical condition. The petition further alleged that petitioner had a substance abuse problem and that she stated that she was unable to care for her children "at this point in her life." The petition alleged that petitioner's continuing failure to provide her children with food, clothing, and parental supervision placed the children at risk of harm. The circuit court granted the DHHR temporary custody of the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In August of 2013, the circuit court held an adjudicatory hearing. A Child Protective Services ("CPS") worker testified and recommended terminating petitioner's parental rights based on her drug abuse, her lack of participation in services, and her inability "to put herself in a position to reunify with her children." Petitioner stipulated to an inability to provide proper care for and provide for the needs of her children, including food, clothing, and shelter. Based on the evidence, the circuit court adjudicated petitioner an abusing parent and granted her motion for a post-adjudicatory improvement period. During her improvement period, petitioner failed to consistently call the hotline for drug screens, failed to arrange for therapy for at least one of the children, and failed several drug screens. In January of 2015, the circuit court granted petitioner an additional thirty days to participate in drug screens, set up therapy services for the children, and demonstrate an ability to care for her children.

In April of 2015, the circuit court held a dispositional hearing. Evidence was presented that petitioner failed to care for her children, failed to obtain a job, and failed to maintain a suitable home for the children. Based upon the evidence, the circuit court denied petitioner's motion for an additional improvement period and terminated her parental rights by order dated April 14, 2015. Petitioner now appeals this dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon review, we find no error in the circuit court's order denying petitioner's motion for a post-dispositional improvement period and in terminating her parental rights.

First, the court finds no merit to petitioner's argument that the circuit court erred in denying her a post-dispositional improvement period. According to petitioner, she was entitled to an improvement period because she obtained a job and was willing to participate in drug treatment and screening.[3] We disagree and find that petitioner's argument ignores the evidence set forth in the record on appeal.

---

[3]It should be noted that petitioner did not request a post-dispositional improvement period at the dispositional hearing. Pursuant to §49-4-610(3), "the court may grant an improvement

2

The evidence established that petitioner failed to comply with several of the terms of her post-adjudicatory improvement period. Despite petitioner's stipulation to her inability to provide proper care for and provide for the needs of her children, including food, clothing, and shelter, petitioner failed to utilize the services offered to her, and failed to make any progress toward remedying her substance abuse issues. Throughout the case, petitioner continued to use drugs, failed to submit to random drug screens, and failed to call the drug testing hotline. More than once, the circuit court extended petitioner's improvement period and petitioner repeatedly failed to comply with the terms of said improvement period.

We have previously held that "[e]ntitlment to an improvement period is conditioned upon the ability of the parent to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . '" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). In the instant case, petitioner failed to comply with drug screening, and failed to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse and neglect. Petitioner made no efforts to address the conditions that led to the findings of abuse and neglect. We have also previously held that

> "[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *Id.* at 217, 640.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013). Petitioner failed to provide proper care for, or provide for the needs of, her children, including food, clothing, and shelter, despite numerous chances to comply with her improvement period terms. Based upon this evidence, the circuit court found that petitioner demonstrated no evidence that she would participate in another improvement period. As such, it was not error for the circuit court to deny petitioner an additional post-dispositional improvement period.

As to petitioner's argument that the circuit court erred in terminating her parental rights, the Court finds no error. As addressed above, the evidence established that petitioner continued to abuse drugs, failed to comply with drug screening, and failed to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse and neglect. Petitioner denied having substance abuse issues despite evidence of her continued drug abuse. Additionally, petitioner's children became truant from school and expressed a collective desire not to visit with petitioner.

---

period not to exceed six months as a disposition pursuant to section six hundred four of this article when (A) The respondent moves in writing for the improvement period, and when (B) the respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period."

Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when

> "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child."

Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner continued to abuse drugs while refusing to participate in multiple services aimed at remediating and addressing the circuit court's findings of abuse and neglect. The circuit court also found that the termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 15, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:


Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4